RAYBURN E. HAHN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, REPONDENT.

Docket No. 59190. Filed April 30, 1958.

*Rayburn E. Hahn, pro se.*
*David E. Mills, Esq.,* for the respondent.

TRAIN, *Judge:* Respondent determined a deficiency in income tax of the petitioner for the year 1952 in the amount of $270.02.

The sole issue for decision is whether petitioner was entitled to claim his parents as dependents in 1952.

FINDINGS OF FACT.

Part of the facts have been stipulated and are hereby found as stipulated.

Petitioner, Rayburn E. Hahn, filed an individual income tax return for the year 1952 with the director of internal revenue at Dallas, Texas. On that return, petitioner claimed his mother and father as dependents and took exemptions of $600 each. He furnished over one-half their support in the year in question.

On a Schedule C, attached to the joint return of petitioner's parents, John and Lilly Hahn, for 1952, it was stated that the principal business activity of the taxpayers was the operation of a blacksmith and welding shop. Total receipts from that business were reported on the return in the amount of $1,965.85. No cost of goods sold was claimed and gross profit in the amount of $1,965.85 was

reported. Other business deductions in the aggregate amount of $830.09 were reported, leaving an adjusted gross income from the business of $1,135.76. The $830.09 in other business expenses was broken down and reported on Schedule C-2 as being comprised of $33.02 for taxes, $62 for depreciation, and $735.07 for other business expenses which was, in turn, broken down into the following items:

| | |
|---|---|
| Coal | $78. 00 |
| Electricity | 131. 67 |
| Other | 525. 40 |

On September 20, 1954, petitioner, who is an accountant, prepared and filed for his father an amended individual income tax return for the calendar year 1952. On the Schedule C attached thereto, income from the blacksmith-welding business for the year 1952 was reported as follows:

| | | |
|---|---|---|
| Gross receipts: | | |
| Cash | | $1, 720. 20 |
| Less: Decrease in accts. rec | | 21. 05 |
| | | 1, 699. 15 |
| Cost of goods sold: | | |
| Merchandise bought for manufacture or sale | $563. 88 | |
| Other costs | 111. 52 | |
| | | 675. 30 |
| Gross profit | | 1, 023. 65 |
| Other business deductions | | 0 |
| Community income | | 1, 023. 65 |

The "merchandise bought for manufacture and sale" was listed in Schedule C-2 on the amended return as follows:

| | |
|---|---|
| Steel and parts | $51. 70 |
| Welding material | 142. 90 |
| Coal | 78. 00 |
| Electricity | 72. 98 |
| Lumber, bolts, etc | 44. 74 |
| Auto expenses (cartage in) | 173. 56 |
| | 563. 88 |

The "other costs" in the amount of $111.52 was broken down in Schedule C-2 on the amended return as follows:

| | |
|---|---|
| Depreciation | $62. 00 |
| Electricity | 16. 50 |
| Taxes | 33. 02 |
| | 111. 52 |

In the operation of his blacksmith shop, petitioner's father was primarily engaged in repairing plows, trailers, combines, and other

types of farm equipment. He occasionally fabricated small items. such as U-bolts, usually out of scrap iron, for use in connection with his repair work.

OPINION.

Petitioner has claimed his mother and father as dependents for the year 1952. Section 25 (b) (1) (D) of the 1939 Code provides for "[a]n exemption of $600 for each dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $600, except that the exemption shall not be allowed in respect of a dependent who has made a joint return with his spouse under section 51 for the taxable year beginning in such calendar year." A "dependent" under section 25 (b) (3) means, *inter alia*, the father or mother of the taxpayer "over half of whose support, * * * was received from the taxpayer." It is conceded by respondent that petitioner contributed over half of the support of his parents for that year; and that the joint return filed by his parents in that year did not alone preclude petitioner from claiming them as dependents under section 25 (b) (1) (D). It is respondent's position that petitioner's parents, under the community property laws of Texas, each had gross income for the year 1952 in excess of $600.

We agree with the respondent.

During the year 1952, petitioner's father, John Hahn, was engaged in the business of operating a blacksmith and welding shop. In the operation of this business, John Hahn had total receipts of $1,699.15. During the course of the year 1952, he purchased "Steel and Parts," "Welding Material," and "Lumber, Bolts, etc." in the aggregate amount of $239.34, and coal and electricity in the aggregate amount of $167.48. In addition he claims auto expenses, depreciation, and taxes in the aggregate amount of $268.58. All of these amounts are now claimed to constitute "cost of goods sold" to be deducted from gross receipts in determining gross income. Respondent contends that these expense items were correctly reported in the original return as ordinary and necessary business expenses, which are properly deductible from gross income in determining adjusted gross income; and that the amount of gross income from the blacksmith and welding shop was the same as the amount of gross receipts, namely, $1,699.15, which under the community property laws of Texas would give each of petitioner's parents a gross income for that year of $848.57.

Section 22 (a) of the 1939 Code provides that "gross income" shall include the "gains, profits, and income derived from * * * compensation for personal service * * * of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property whether real or personal, growing out of the ownership or use of or interest in such prop-

erty." Section 39.22 (a)–5 of Regulations 118 provides that "[i]n the case of a manufacturing, merchandising, or mining business, 'gross income' means the total sales, less the cost of goods sold."

Although petitioner takes the position that his father was in the business of manufacturing in that he made some small parts for farm machinery and equipment, it is clear on the facts of record that John Hahn was not engaged in the manufacturing business. The record as a whole makes it clear that what John Hahn was selling, for the most part at least, was not a material product to which direct costs could be allocated as in the case of a manufacturing business, but rather that he was selling services, consisting of his ability, know-how, and experience as a blacksmith and welder in the repair and maintenance of farm machinery and equipment. The use of the questioned items to which petitioner is attempting to attribute the qualities of costs of goods sold was primarily incidental to the sale of the services his father rendered and if any part of any of the items could, conceivably, be regarded as a cost rather than an expense, this record does not establish an amount sufficient to reduce the gross income below $1,200.

*Decision will be entered for the respondent.*