Fred A. Taylor and Louise H. Taylor v. Commissioner.
Taylor v. Commissioner
Docket No. 4276-68.
United States Tax Court
T.C. Memo 1970-137; 1970 Tax Ct. Memo LEXIS 222; 29 T.C.M. (CCH) 610; T.C.M. (RIA) 70137; June 2, 1970, Filed Fred A. Taylor, pro se, 305 Rocky Point Rd., Palos Verdes Estates, Calif. Harold V. Vestermark, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1966 in the amount of $173.46. The only issue for decision is whether petitioners are entitled to a deduction for a dependency exemption for their daughter-in-law. 611 All of the facts have been stipulated and are found accordingly. Petitioners, husband and wife who resided in Palos Verdes Estates, California at the time of *223 the filing of the petition in this case, filed a joint Federal income tax return for the calendar year 1966 with the district director of internal revenue, Los Angeles, California. Petitioners had three children, a daughter and two sons. One of petitioners' sons, James S. Taylor, had prior to January 1, 1966, married Jane J. Taylor. During the entire year 1966 James S. Taylor and Jane J. Taylor were married and maintained, together with their infant son, Michael W. Taylor, their own residence in Los Angeles, California. During the year 1966 James S. Taylor was a full-time student at the University of California, Los Angeles, California but was gainfully employed on a part-time basis. His total earnings during 1966 were $2,237.19. James S. Taylor filed a separate income tax return for the taxable year 1966 with the district director of internal revenue, Los Angeles, California. His wife, Jane J. Taylor, did not file a joint Federal income tax return with her husband, James S. Taylor, for the taxable year 1966. During the year 1966 petitioners contributed cash by checks totaling $2,590.01 to the support of James S. Taylor, Jane J. Taylor, and Michael W. Taylor. [1] The parents of *224 Jane J. Taylor contributed $365 toward the support of their daughter and her family during the year 1966. Petitioners on their Federal income tax return for the calendar year 1966 claimed as dependents all three of their children, including James S. Taylor, and also claimed as dependents their daughter-in-law Jane J. Taylor and their grandson, Michael W. Taylor. The notice of deficiency had attached a "Short-Form Statement" which stated no reason for the determination of the deficiency. At the trial respondent's counsel stated the only adjustment made by respondent in determining the deficiency was the disallowance to petitioners of the deduction of one claimed dependency exemption, the one claimed for Jane J. Taylor. Respondent's counsel further stated that the reason for the disallowance was that Jane J. Taylor had income of more than $600 since one-half of her husband's earnings was her income under the community property laws of the State of *225 California. [2]
Section 151(e), I.R.C. 1954, [3] as applicable to the year 1966 provides for an exemption of $600 for each dependent as defined in section 152 whose gross income for the calendar year in which the taxable *226 year of the taxpayer begins is less than $600. Section 152 includes in the definition of "dependent" a daughter-in-law over half of whose support is received from the taxpayer. Jane is petitioners' daughter-in-law and respondent does not contend that Jane did not receive over half of her support from petitioners during 1966. The only issue is whether Jane had income of more than $600 during the year 1966. Jane's husband had earnings in 1966 of $2,237.19. Jane and her husband were residents of California during the year 1966 and under the community property laws of California Jane had income to the extent of one-half of her husband's earnings, or $1,118.59. Petitioners do not deny that under California law Jane had income of one-half of her husband's earnings but contend that such income should not be considered as "gross income" within the meaning of section 151. We have held to the contrary. Rayburn E. Hahn, 30 T.C. 195 (1958), affirmed per curiam 271 F. 2d 739 (C.A. 5, 1959). Since in our view Jane had "gross income" in excess of $600 within the meaning of section 151 during the calendar year 1966, petitioners are not entitled to a deduction for a dependency *227 exemption for her for that year. Decision will be entered for respondent. 612 Footnotes
1. Apparently petitioners also carried hospital insurance for their son's family since one of the stipulated exhibits refers to an additional payment by petitioners of a hospital bill for the James S. Taylor family "by insurance."↩
2. From the stipulated figures it is apparent that the earnings of James S. Taylor of $2,237.19 plus the contribution of $365 by Jane's parents is more than $2,590.01 contributed by petitioners. We are not informed in this fully stipulated case whether there existed a multiple support agreement or whether petitioners in fact did pay hospital insurance for the James S. Taylor family thereby causing their total contribution to the support of that family to exceed $2,602.19. It is noted that on their income tax return petitioners stated their contribution to the support of James S. Taylor, Jane J. Taylor and Michael W. Taylor to be $3,390.01. In any event we consider there to be no issue in this case as to whether petitioners did contribute over one-half of the support of Jane J. Taylor for the year 1966 and have considered the case solely on the basis of the issue which respondent's counsel stated to be the basis of respondent's disallowance of the claimed exemption.↩
3. All references are to the Internal Revenue Code of 1954.↩