DEAN J. LEDVINA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Ledvina v. Commissioner
Docket No. 24997-82.
United States Tax Court
T.C. Memo 1984-462; 1984 Tax Ct. Memo LEXIS 221; 48 T.C.M. (CCH) 978; T.C.M. (RIA) 84462; August 28, 1984. *221 Respondent determined deficiencies in income taxes and additions to tax under sections 6653(b) and 6654(a), I.R.C. 1954. In his answer, respondent asserted additions to tax under sections 6651(a)(1) and 6653(a), I.R.C. 1954. At trial, the Court granted respondent's motion to dismiss as to the deficiencies for failure properly to prosecute. Held: (1) Respondent has the burden of proof as to the additions to tax under sections 6651(a)(1), 6653(a), and 6653(b), I.R.C. 1954. On the record in the instant case, respondent has failed to carry this burden, as to each of these additions to tax for each of the years in issue. (2) Petitioner has failed to carry his burden of proof as to the addition to tax under section 6654(a). Dean J. Ledvina, pro se. Edward G. Langer, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes and additions to tax under sections 6653(b)[1] *222 (fraud) and 6654 (underpayment of estimated tax) against petitioner as follows: Additions to Tax
Year
Deficiency [2]
Sec. 6653(b) [3]
Sec. 6654
1979
$4,255
$2,128
$177
1980
6,280
3,140
409
At trial, the Court granted respondent's oral motion to dismiss as to the deficiency for each of the years in issue, because of petitioner's refusal to comply with the Court's order directing petitioner to respond to certain questions. This motion was granted under Rule 123(b). [4]
As a result of the foregoing developments, the issues for decision are as follows: (1) Whether petitioner is liable for an addition to tax under section 6653(b) *223 for each of the years in issue. (2) If petitioner is not so liable as to any such year, then whether petitioner is liable for additions to tax under sections 6651(a) or 6653(a) for that year. (3) Whether petitioner is liable for an addition to tax under section 6654 for each of the years in issue. FINDINGS OF FACT Some of the facts have been stipulated; the stipulations and the stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Merrill, Wisconsin. For 1977 and 1978, petitioner filed timely income tax returns. On his 1977 tax return, he showed a negative "tax table" income of $853. This resulted from breeding fees and sales of $9,544, farm deductions of $10,541, and interest income of $144. On his 1978 tax return, he showed "tax table" income of $2,284. This resulted from breeding fees and sales of $9,928, farm deductions of $7,817, wages of $79, and interest income of $94. On his 1978 tax return, petitioner showed a tax liability of $171, all of it being self-employment taxes. During 1979 and 1980, petitioner was a sales representative for American Breeders Service (hereinafter sometimes referred *224 to as "Breeders"). During 1979, petitioner received commissions from Breeders in the amount of $10,834; he also paid $24,413.68 to Breeders for semen, supplies, refrigerator rent, and other business expenses. During 1980, petitioner received commissions from Breeders in the amount of $14,439; he also paid $30,066 to Breeders for semen, supplies, refrigerator rent, and other business expenses. In mid-April 1980, petitioner sent to respondent a Form 1040 for 1979. On this Form 1040, petitioner claimed single filing status and one personal exemption for himself. He entered "NONE" on 24 lines. He entered "OBJECT-SELFINCRIMINATION" for social security number, occupation, and on 31 other lines. The only numbered line on which petitioner entered a numeral was line 33, the line for itemized deductions, on which he entered "0". Petitioner did not file any other document purporting to be an income tax return for 1979. Petitioner did not file any document purporting to be an income tax return for 1980. Petitioner did not make payments of estimated tax for 1977, 1978, 1979, or 1980. In the notice of deficiency, respondent determined that, in addition to commissions received from Breeders, *225 petitioner received $30,517 from sales in 1979 and $37,582 from sales in 1980. OPINION I. Section 6653(b) -- Fraud
Respondent maintains that petitioner had an underpayment for each of the years in issue and that all or part of each such underpayment was due to fraud. Petitioner's briefs focus entirely on petitioner's rights under the Fifth Amendment to the United States Constitution. [5]
We disagree with petitioner's analysis, but agree with his conclusion that, as to each of the years in issue, respondent has failed to carry his burden of proving fraud. When he seeks to impose the addition to tax under section 6653(b), [6] *226 respondent bears the burden of proving by clear and convincing evidence that petitioner has an underpayment, and that some part of this underpayment is due to fraud. Section 7454(a); [7]Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). The issue of fraud poses a factual question which is to be decided on an examination of all the evidence in the record. Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. a Memorandum Opinion of this Court; [8]Mensik v. Commissioner,328 F.2d 147, 150 (CA7 1964), affg. 37 T.C. 703 (1962); Stone v. Commissioner,56 T.C. at 224; Stratton v. Commissioner,54 T.C. 255, 284 (1970). Fraud is an actual intentional wrongdoing, and the intent required is the specific purpose to avade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), *227 affg. a Memorandum Opinion of this Court; [9]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence. Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978); Beaver v. Commissioner,55 T.C. 85, 92-93 (1970). Respondent need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. E.g., Lee v. United States,466 F.2d 11, 16-17 (CA5 1972); Plunkett v. Commissioner,465 F.2d at 303; Kreps v. Commissioner,351 F.2d 1, 6 (CA2 1965), affg. 42 T.C. 660 (1964). In carrying his burden, respondent must not rely on petitioner's failure to meet his burden of proving error in respondent's determinations as to the deficiency (e.g., Habersham-Bey v. Commissioner,78 T.C. 304, 312 (1982), and cases there cited). Rather, respondent must see to it that the record includes clear and convincing evidence *228 that, for each of the years for which fraud has been determined, petitioner has an underpayment of tax required to be shown on a return and that some part of this underpayment is due to fraud. Under section 6653(c)(1), [10] as applied to the instant case, an underpayment is in essence a deficiency. The record shows that petitioner reported on his 1977 tax return that his business expenses exceeded the sum of his business receipts and his nonbusiness income. Petitioner reported on his 1978 tax return that his business receipts exceeded his business expenses *229 by $2,111 and that he had $173 of additional income. The business profit resulted in self-employment taxes of $171, but the zero bracket amount and personal exemption eliminated petitioner's chapter 1 tax liability. These returns show petitioner as a marginal businessman for 1977 and 1978, with no chapter 1 tax liability for either year and a self-employment tax liability for only one of the two years. Respondent has not challenged the correctness of petitioner's 1977 and 1978 tax returns. For 1979, the record establishes that petitioner had commission income of $10,834 and business expenses of $24,413.68. For 1980, the record establishes that petitioner had commission income of $14,439 and business expenses of $30,066. The record does not furnish us with information from which we could make a finding that petitioner had enough additional income to make him liable for any chapter 1 tax or for self-employment taxes for either of the years in issue. (See sec. 1402(b)(2) for minimum requirements as to self-employment taxes.) This omission is not supplied by the Court's granting of respondent's motion to dismiss as to the deficiencies (matters as to which petitioner had the burden *230 of proof) because of petitioner's refusal properly to prosecute. Our decision as to the deficiencies merely left intact the determinations in respondent's notice of deficiency. These determinations are not themselves evidence and do not satisfy respondent's burden of proof as to those matters on which respondent bears the burden of proof. We hold for petitioner on this issue. II. Section 6653(a) -- Negligence, Etc.
An addition to tax under section 6653(a)[11] *231 is imposed if any part of any underpayment of tax is due to negligence or intentional disregard of rules or regulations. Respondent has essentially the same problem under this provision as under Issue I, supra. For respondent to carry his burden of proof as to a taxable year, [12] he must show that there is an underpayment for that year. The record in the instant case does not furnish us with information from which we could make a finding that there was an underpayment in petitioner's income tax for any of the years in issue. Cf. Reiff v. Commissioner,77 T.C. 1169, 1181 (1981). Respondent has failed to carry his burden of proof. We hold for petitioner on this issue. III. Section 6651(a)(1) -- Failure to File Timely Return
An addition to tax for failure to file an income tax return *232 when due is imposed under section 6651(a)(1). [13] For respondent to carry his burden of proof as to a taxable year (see n. 12, supra), he must not only show that no timely tax return was filed (the tax form which petitioner sent to respondent for 1979 does not constitute a tax return, under the standards described in Reiff v. Commissioner,77 T.C. at 1177-1179, and numerous other opinions), but also that petitioner was required to file a tax return for that year. Section 6651(a)(1) directs us to subchapter A *233 of chapter 61 for the requirements of filing tax returns. The requirements as to individuals are found in sections 6012(a)(1) and 6017 in this subchapter, and are set forth in terms of amounts of gross income or net earnings from self-employment. The record in the instant case shows that petitioner had substantial business receipts and substantial business deductions. In some instances, business deductions are allowable in determining gross income, in others they are allowable in determining adjusted gross income, and for employees they generally are allowable only only in determining taxable income. E.g., Guy F. Atkinson Co. of Calif. v. Commissioner,82 T.C. 275, 297-298 (1984); Alex v. Commissioner,70 T.C. 322 (1978), affd. 628 F.2d 1222 (CA9 1980); Hahn v. Commissioner,30 T.C. 195 (1958), affd. 271 F.2d 739 (CA5 1959); section 1.61-3(a), Income Tax Regs.
The record in the instant case does not furnish us with information from which we could make a finding that petitioner had gross income, or net earnings from self-employment, for any of the years in issue in an amount sufficient to require him to file a return for that year. Respondent has failed to carry his burden of proof. *234 We hold for petitioner on this issue. IV. Section 6654(a) -- Underpayment of Estimated Tax
Petitioner has the burden of proving error in respondent's determination that additions to tex should be imposed under section 6654(a). Hollman v. Commissioner,38 T.C. 251, 263 (1962). Petitioner has failed to introduce any evidence indicating that respondent so erred. We conclude that petitioner is liable for additions to tax under section 6654(a). We hold for respondent on this issue. To take account of the foregoing, Decision will be entered, for each year in issue, in favor of respondent as to the deficiency and the addition to tax under section 6654(a), and in favor of the petitioner as to the additions to tax under sections 6651(a)(1), 6653(a), and 6653(b).
Footnotes
1. Unless indicated otherwise, all section and chapter references are to sections and chapters of the Internal Revenue Code of 1954 as in effect for the years in issue. 2. Of these amounts, self-employment taxes under chapter 2 are $1,372 for 1979 and $1,778 for 1980; the remaining amounts are chapter 1 income taxes. ↩
3. In the answer, pursuant to section 6214, respondent asserts in the alternative that, if the Court determines that petitioner's underpayment for any year in issue was not due to fraud, then for each such year petitioner is liable for a 25-percent addition to tax under section 6651(a)(1) (failure to file timely return) and a 5-percent addition to tax under section 6653(a)↩ (negligence, etc.).
4. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
5. The Fifth Amendment provides, in relevant part, as follows: No person shall * * * be compelled in any criminal case to be a witness against himself * * *.↩
6. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
7. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary.↩
8. T.C. Memo. 1970-274↩.
9. T.C. Memo. 1966-81↩.
10. SEC. 6653. FAILURE TO PAY TAX. * * * (c) Definition of Underpayment.--For purposes of this section, the term "underpayment" means-- (1) Income, Estate, Gift, and Certain Excise Taxes.--In the case of a tax to which section 6211 (relating to income, estate, gift, and certain excise taxes) is applicable, a deficiency as defined in that section (except that, for this purpose, the tax shown on a return referred to in section 6211 (a)(1)(A)↩ shall be taken into account only if such return was filed on or before the last day prescribed for the filing of such return, determined with regard to any estension of time for such filing) * * *.
11. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations With Respect to Income or Gift Taxes.--If any part of any underpayment (as defined in subsection (c)(1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. [The subsequent amendment of this provision (by sec. 101(f)(8) of the Crude Oil Windfall Profit Tax Act of 1980, Pub. L. 96-223, 94 Stat. 229, 253, and by sec. 722(b)(1) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172, 342) do not affect the instant case.]
12. Ordinarily, petitioner would have the burden of proof on this issue, and on the section 6651(a)(1) issue, infra; in the instant case the shoe is on the other foot, so to speak, because these additions were not determined in the notice of deficiency but were asserted in respondent's answer (n. 3, supra). Rule 142(a); Reiff v. Commissioner,77 T.C. 1169, 1173↩ (1981).
13. SEC. 6651. FAILURE TO FILE RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩