T.C. Memo. 1996-444


UNITED STATES TAX COURT


JAMES H. SHELTON, DECEASED, AND EVE SHELTON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14277-94.                    Filed September 26, 1996.


James H. Shelton[1] and Eve Shelton, pro sese.

<u>Charles J. Graves</u>, for respondent.


MEMORANDUM OPINION

CARLUZZO, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7443A(b)(3) and Rules 180, 181, and
182.[2]

_____

[1]James H. Shelton died after this case was submitted.

[2]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue.  All
Rule references are to the Tax Court Rules of Practice and
Procedure.

Respondent determined a deficiency in petitioners' 1992 Federal income tax in the amount of $3,471, and an accuracy-related penalty under section 6662(a) in the amount of $694. Following concessions by respondent, the issues for decision are: (1) Whether petitioners properly reported cost of goods sold on a Schedule C relating to a business conducted by James H. Shelton; (2) whether, with respect to James H. Shelton's business, petitioners are entitled to various Schedule C business expense deductions in excess of those allowed by respondent; and (3) whether petitioners are liable for the accuracy-related penalty under section 6662(a) for the year 1992.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. During the year in issue, petitioners were husband and wife and filed a joint Federal income tax return. At the time the petition was filed in this matter, petitioners resided in Koshkonong, Missouri. References to petitioner are to James H. Shelton.

In 1992, petitioner was employed as a professor of physics at Sierra Academy (Sierra), a community college located in Oakland, California. Also in 1992, petitioner was engaged in what he described as an "education business." Petitioner's education business was composed of two distinct components:

(1) Marketing activities relating to a book that he authored and published in a previous year; and (2) private educational seminars that he conducted that were not connected with his employment at Sierra.

Prior to 1992, petitioner wrote and published a book, at his own expense. On January 6, 1992, petitioner paid a publishing company $3,070.50 to have 1,035 copies of his book printed. Petitioner was charged $3.003 per copy for the first 1,000 copies and $2.250 for the next 30 copies. He received 5 free copies.

During 1992, petitioners traveled to several cities, including the following: Phoenix, Arizona; Minneapolis, Minnesota; Reserve, New Mexico; and Los Angeles, California. Typically, there were large shopping malls in these cities and located in these malls were retail bookstores. Without making any advance arrangements or appointments, petitioner visited several of the bookstores in the city where he happened to be in an attempt to market his book. Usually he left a sample copy of the book with the manager or other employee of the bookstore. Petitioner did not maintain a log or other record to indicate what bookstores he visited or the number of sample copies of his book that he gave out during 1992. During these trips petitioners visited with relatives who were living in the area.

In October of 1992, petitioner sold $124 worth of books. He included this amount in the amount of gross receipts he reported

on the Schedule C.  Petitioner's records do not indicate to whom, or how many copies of his book were sold.

Independent from his employment at Sierra, from January to September of 1992, petitioner conducted educational seminars on the mathematics of electronics.  The seminars were held 5 days per week for 4 hours per day.  He taught between 3 and 6 students at any given time.

During January and February of 1992, petitioner used an empty room located in an airport as his seminar classroom. Petitioner sublet this room from Webaire.  Due to complications involving his arrangement with Webaire, beginning in March of 1992, petitioner rented a different room at the airport directly from the Port of Oakland.  He used this room as his seminar classroom for the rest of the year.  The airport was located less than one block from Sierra.  Petitioner drove a pickup truck from his residence to Sierra and then walked from Sierra to the airport.

Petitioners filed a Schedule C for petitioner's "education business" with their 1992 Federal income tax return.  On the Schedule C, among other things, petitioners reflected gross receipts in the amount of $7,271.  Apparently $124 of this amount is attributable to the sales of his book, and a substantial portion of the balance is attributable to the fees he charged for

his seminars.[3]  In arriving at the gross income reported on the
Schedule C, petitioners claimed cost of goods sold in the amount
of $7,030, computed as follows:

|  |  |
|---|---|
| Beginning inventory | $ -0- |
| Purchases | 8,949 |
| Materials & supplies | 1,152 |
| Ending inventory | 3,071 |
| Cost of goods sold | 7,030 |

Petitioners also deducted various business expenses on the
Schedule C in the total amount of $11,409, resulting in a net
loss of $11,200.

In the notice of deficiency, respondent made the following
adjustments to the items contained on the Schedule C:

| Item | Amount Per Return | Adjustment | Allowed |
|---|---|---|---|
| Cost of Goods sold | $7,030 | $7,030 | $  -0- |
| Advertising | 1,282 | -0- | 1,282 |
| Insurance | 1,475 | 1,475 | -0- |
| Legal/Prof. | 100 | -0- | 100 |
| Office Exp. | 135 | -0- | 135 |
| Rent | 2,082 | 2,082 | -0- |
| Repairs & Main. | 170 | -0- | 170 |
| Taxes & Licenses | 279 | -0- | 279 |
| Travel | 2,053 | 2,053 | -0- |
| Utilities | 745 | -0- | 745 |
| Other expenses: |  |  |  |
| Accounting | 128 | -0- | 128 |
| Trade dues | 282 | -0- | 282 |
| Contrs. | 2,187 | -0- | 2,187 |
| Postage | 491 | -0- | 491 |

Respondent explained her adjustment to petitioners' cost of
goods sold as follows: "Since you did not establish that the

---

[3]Petitioner's records indicate that there were small amounts
of income identified as "misc." or "interest" included in the
gross receipts reported on the Schedule C.

amount shown was (a) for purchases, and (b) paid, the amount is not deductible."  We note that the ending inventory reflected in the cost of goods sold computation is the amount that petitioner paid to the publishing company to have his book printed.  We assume from this that, as of the end of 1992, with the possible exception of the complimentary copies that the printer provided to petitioner, all of the copies of petitioner's book remained in inventory.  With respect to the expenses that were adjusted, respondent explained: "Since you did not establish that the business expense shown on your tax return was paid or incurred during the taxable year and that the expense was ordinary and necessary to your business, we have disallowed the amount shown."

Discussion

Respondent's determinations, having been made in a notice of deficiency, are presumed correct, and petitioners bear the burden of proving such determinations to be erroneous.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  Furthermore, deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed.  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, supra.  This includes the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).  If certain claimed deductions are not adequately substantiated, we

may estimate them when we are convinced from the record that the taxpayer has incurred such expenses and we have a basis upon which to make an estimate. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). However, the principle established in Cohan v. Commissioner, supra, does not apply to deductions for travel, as such deductions are subject to the specific substantiation requirements imposed by section 274(d).

Respondent does not dispute that petitioner's "education business" constituted a trade or business within the meaning of section 162(a) for 1992, as indicated by the fact that in the notice of deficiency she has allowed portions of some of the business expense deductions claimed on the Schedule C. Furthermore, she now concedes that petitioners are entitled to a Schedule C rent expense deduction, but only in the amount of $1,772.35.

I. Cost of Goods Sold

Petitioner's 1992 Schedule C reflected gross receipts in the amount of $7,271 and cost of goods sold in the amount of $7,030. Petitioner computed cost of goods sold by including expenditures allegedly incurred in connection with both the book marketing activity and educational seminars activity. In the notice of deficiency, respondent completely disallowed the cost of goods sold claimed. According to respondent, petitioner has failed to

establish that the amount reported as cost of goods sold was for purchases and was paid.

This Court has consistently held that the cost of goods sold is not a deduction (within the meaning of section 162(a)), but is subtracted from gross receipts in the determination of a taxpayer's gross income. Beatty v. Commissioner, 106 T.C. 268 (1996); Max Sobel Wholesale Liquors v. Commissioner, 69 T.C. 477 (1977), affd. 630 F.2d 670 (9th Cir. 1980); Sullenger v. Commissioner, 11 T.C. 1076, 1077 (1948); see sec. 1.61-3(a), Income Tax Regs. Section 1.61-3(a), Income Tax Regs., provides that in a manufacturing, merchandising, or mining business, "gross income" means the total sales, less the cost of goods sold. Cost of goods sold does not involve the selling of services. See sec. 1.61-3(a), Income Tax Regs.; see also Hahn v. Commissioner, 30 T.C. 195, 197-198 (1958), affd. per curiam 271 F.2d 739 (5th Cir. 1959). Cost of goods sold must be reduced by items withdrawn for personal use by the taxpayer and related persons, see Tucker v. Commissioner, T.C. Memo. 1979-449; Calamaras v. Commissioner, T.C. Memo. 1960-201.

Although not exactly clear from petitioner's presentation, we assume that the cost of goods sold here in dispute relates to petitioner's book marketing activity as well as his educational seminar activity. In connection with his book marketing activity, we assume that petitioner included the printing cost that he paid in 1992 in the "purchases" component of his cost of

goods sold computation.  We have no idea what other items petitioners included in "purchases" or in "materials and supplies."

But for the reference to $124 in book sales income in petitioners' records and petitioner's vague testimony on the point, there is no other evidence of any book sales during 1992. As for the educational seminars activity, we fail to see how any of the expenditures that petitioner might have incurred in connection with such activity would properly be included in a cost of goods sold computation.  See sec. 1.61-3(a), Income Tax Regs.; see also Hahn v. Commissioner, supra.  Conceivably, with respect to the educational seminar business, some of the expenditures that petitioner might have included in cost of goods sold might have been properly deductible under section 162; however, petitioners have made no such claim, and there is insufficient information in the record to allow us to make such a determination on our own.  Consequently, respondent's adjustment reducing the cost of goods sold reported on the Schedule C is sustained.

II. Schedule C Deductions

In general, section 162 allows deductions for ordinary and necessary expenses of carrying on a trade or business.  Sec. 162(a).  As used in section 162(a), "ordinary" has been defined as that which is "normal, usual, or customary" in the taxpayer's trade or business.  Deputy v. DuPont, 308 U.S. 488, 495 (1940).

"Necessary" has been construed to mean "appropriate" or "helpful" in the development of the taxpayer's business. <u>Welch v. Helvering</u>, <u>supra</u> at 113. Unless expressly provided for, section 262 prohibits deductions for personal, living, or family expenses.

A. <u>Travel expenses</u>

On his 1992 Schedule C, petitioner claimed a deduction in the amount of $2,053 for travel expenses allegedly attributable to petitioner's book marketing activity. Petitioners routinely traveled together, and this amount apparently includes the expenses incurred by both of them. Respondent disallowed the deduction in full on the ground that the expenses were not ordinary and necessary within the meaning of section 162, and for lack of substantiation. As indicated above, travel expenses are subject to the more stringent substantiation requirements imposed by section 274.

To substantiate a deduction under section 274(d), a taxpayer must maintain adequate records or present corroborative evidence to show: (1) The amount of the expense; (2) the time and place of the travel; (3) the business purpose of the expense or other item; and (4) the business relationship to the taxpayer or person entertained. Sec. 1.274-5T(b)(2), (3), (5), (6), (c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46014-46017 (Nov. 6, 1985).

In order to substantiate a deduction by means of adequate records, a taxpayer must maintain a diary, a log, or a similar record, and documentary evidence that, in combination, are sufficient to establish each element of each expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

When a traveling taxpayer engages in both business and personal activities, expenses for transportation, meals, and lodging are deductible only if the trip is related primarily to the taxpayer's trade or business and not primarily personal in nature. Sec. 1.162-2(b)(1), Income Tax Regs. Whether a trip is related primarily to the taxpayer's trade or business or is personal in nature depends on the facts and circumstances in each case. Sec. 1.162-1(b)(2), Income Tax Regs. Where a taxpayer's spouse accompanies the taxpayer on a business trip, expenses attributable to the spouse's travel are not deductible unless it can be adequately shown that the spouse's presence on the trip has a bona fide business purpose. The spouse's performance of some incidental service does not cause the spouse's expenses to qualify as deductible business expenses. Sec. 1.162-2(c), Income Tax Regs.

The manner in which petitioner attempted to market his book, that is, merely showing up at a retail bookstore without advance notice or an appointment, leads us to conclude that petitioners' claimed travel expenses were not incurred primarily in connection

with petitioner's Schedule C business.  Petitioners traveled to popular cities and visited what would normally be considered tourist attractions.  On their trips petitioners visited with relatives who lived in the area.  When questioned at trial, petitioner was unable to state whether he sold any books as a result of any of his travels.  Petitioners have failed to convince us of a business nexus between petitioners' travels and the sale of petitioner's book, and, we fail to see how petitioner expected his travels to produce commensurate benefits for the business, especially in light of the haphazard manner in which he visited the bookstores.

Moreover, petitioners have provided no evidence to establish that travel expenses incurred by petitioner's wife had a "bona fide business purpose".  See sec. 1.162-2(c), Income Tax Regs.; sec. 262.  In addition, petitioners have not presented us with sufficient evidence to satisfy the substantiation requirements imposed by section 274(d).  Accordingly, we sustain respondent's adjustment to petitioners' travel expense deduction.

B. Rent Expense Deduction

On the Schedule C for 1992, petitioner claimed a rent expense deduction in the amount of $2,082.  Respondent now concedes that petitioner is entitled to a rent expense deduction but only in the amount of $1,772.35.

Section 162 specifically allows a deduction for rental expenses.  Sec. 162(a)(3).  As indicated above, deductions are a

matter of legislative grace, and petitioner bears the burden of proving his entitlement to such deductions. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). We find that petitioners have submitted sufficient proof that during 1992 petitioner incurred rent expenses in the amount of $1,952.62, which amount is $179.27 more than the amount allowed by respondent.

## C. Automobile Expense Deduction

At trial, petitioners claimed that they were entitled to an automobile expense deduction in the amount of $587.81 for 1992 in connection with petitioner's educational seminars business. This amount represents expenses incurred for repairs, towing service, and license registration for petitioner's pickup truck. Automobile expenses are deductible pursuant to section 162 only with respect to that portion of the automobile's use attributable to business. The portion attributable to personal use is nondeductible. Petitioner has the burden of proving what portion of his automobile expenses was for business purposes and what portion was for personal purposes. Cobb v. Commissioner, 77 T.C. 1096, 1101 (1981).

According to petitioner, he drove his truck from his house to Sierra. He would then walk from Sierra to the classroom, which was located less than one block away. Simply put, petitioner used his pickup truck to commute from his residence to his place of employment. The expenses of commuting are not deductible. Commissioner v. Flowers, 326 U.S. 465, 470-474

(1946). Petitioners have not convinced us that the pickup truck was otherwise used for business purposes during the year in issue. Accordingly, petitioners are not entitled to an additional deduction for automobile expenses.

D. Insurance Expense Deduction

On the Schedule C, petitioners claimed a $1,475 insurance expense deduction that was disallowed in the notice of deficiency. A portion of the deduction relates to the cost of insurance on petitioner's pickup truck. According to petitioner, the balance of the deduction relates to some form of liability insurance that petitioner was required to have in connection with the rental of the airport space that he used as his classroom. As indicated above, section 162 allows a deduction for ordinary and necessary expenses incurred in connection with a trade or business. Sec. 162(a). No deduction under section 162 is allowed for insurance with respect to property that is not used in a trade or business. Edgar v. Commissioner, T.C. Memo. 1979-524; Lenington v. Commissioner, T.C. Memo. 1966-264.

Petitioner has not presented the Court with any evidence to show what type of insurance policy he acquired in connection with the rental of the classroom, nor did he explain why such coverage was necessary. As previously discussed, petitioners have failed to prove that petitioner's pickup truck was used in connection with his Schedule C business. Accordingly, we find that payments

made by petitioner for insurance were personal in nature and, pursuant to section 262, not deductible.

E. Allowed Deductions

In the notice of deficiency, respondent allowed in full deductions claimed for utilities, postal expenses, advertising, office expenses, and trade dues.  Petitioner now claims that he understated the deductions reflected on his 1992 Schedule C with respect to these items and is entitled to deductions in excess of the amounts already allowed.  Petitioners have not provided sufficient evidence, documentary or otherwise, to establish that petitioner incurred expenses in an amount greater than the amount allowed by respondent.

III. Accuracy-Related Penalty

Respondent determined that petitioners were liable for the accuracy-related penalty under section 6662(a).  Section 6662(a) and (b)(1) imposes a penalty on any portion of an underpayment that is attributable to negligence or disregard of rules or regulations.  The term "negligence" includes any failure to make a reasonable attempt to comply with the statue, and the term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).  The penalty does not apply to any portion of an underpayment for which there was reasonable cause and with respect to which the taxpayer acted in good faith.  Sec. 6664(c).

We find that petitioners are liable for the section 6662(a) accuracy-related penalty for 1992. Petitioners failed to substantiate the cost of goods sold claimed on the Schedule C and claimed trade or business expense deductions for expenditures that were personal in nature. Petitioners failed to offer any reasonable explanation for the errors made on their 1992 Federal income tax return. Petitioner's testimony was vague and often times inconsistent with respect to many of the deductions here in dispute.

Respondent's determination with respect to the imposition of the section 6662(a) penalty is presumed correct, and petitioners bear the burden of proving that they are not liable for the accuracy-related penalty under section 6662(a). Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). This they have failed to do. Accordingly, petitioners are liable for the section 6662(a) accuracy-related penalty for 1992.

To reflect the foregoing and concessions by respondent,

Decision will be entered under Rule 155.