T.C. Memo. 2012-237

UNITED STATES TAX COURT

BOBBY D. PERRY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3064-11.                    Filed August 16, 2012.

<u>Michael Lynn Durham</u> and <u>W. Lance Stodghill</u>, for petitioner.

<u>M. Kathryn Bellis</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>: Respondent determined a $306,336[1] deficiency and a

$41,365 accuracy-related penalty under section 6662(a)[2] with respect to

---

[1]All monetary amounts are rounded to the nearest dollar.

[2]All section references are to the Internal Revenue Code for the year at
issue, and all Rule references are to the Tax Court Rules of Practice and

(continued...)

**[\*2]** petitioner's Federal income tax for 2006. We must decide five issues.[3] The first issue is whether petitioner's S corporation Perry & Co., P.C. (Company) is entitled to deduct certain travel expenses.[4] We hold it is not. The second issue is whether petitioner is entitled to a depreciation deduction with respect to use of a portion of his home. We hold he is not. The third issue is whether petitioner may reduce the gross receipts of his insurance business by certain claimed costs of goods sold. We hold he may not. The fourth issue is whether certain payments the Company made to petitioner were rental payments or executive compensation. We hold they were executive compensation. The final issue is whether petitioner is liable for an accuracy-related penalty under section 6662(a) for 2006. We hold he is liable.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the accompanying exhibits are incorporated by this reference.

---

[2](...continued)
Procedure, unless otherwise indicated.

[3]All other issues were either conceded or settled or need not be decided because they follow from our holdings or are computational.

[4]For convenience, we shall address the claimed travel expenses that petitioner contends the Company is entitled to deduct and not the correlative effect in the Schedule E that would result if we were to allow all or a portion of the claimed travel expenses.

**[*3]**  Petitioner resided in Texas when he filed the petition.

I. Background

Petitioner worked as a revenue agent for the Internal Revenue Service (IRS) for a few years and has been a certified public accountant (CPA) since 1986. Petitioner conducted his accounting practice through the Company, operating it out of a portion of his home.  Petitioner was the Company's sole shareholder, president and employee, preparing tax returns and providing related consulting services. Petitioner was involved in various other business entities and activities during 2006. One such business involved selling insurance policies through a sole proprietorship (insurance business).

II. Tax Returns

The Company filed a Form 1120S, U.S. Income Tax Return for an S Corporation, for 2006, which petitioner prepared and signed as president.  The Company claimed on the Form 1120S a $3,242 deduction for travel expenses (claimed travel expenses).  Part of the claimed travel expenses consists of $242 petitioner paid in airfare, purportedly to travel for the Company's business. Petitioner indicated at trial that the remaining amount was a $3,000 payment he made to Rosa Porter, a Continental Airlines employee, to be designated her "travel companion" so that he could purchase discounted airline tickets.

**[*4]** Petitioner filed Form 1040, U.S. Individual Income Tax Return, for 2006. The return included a Schedule C, Profit or Loss From Business, and a Schedule E, Supplemental Income and Loss. The Schedule C was for petitioner's insurance business. Petitioner claimed on Schedule C costs of goods sold totaling $44,542 (claimed costs of goods sold). This amount included expenses purportedly paid for rent, referral fees and record-keeping services. A $10,000 expense claimed as part of the claimed costs of goods sold was actually paid and claimed as a deduction by another business entity with which petitioner was involved.

Petitioner reported as rental income on Schedule E payments he received from the Company totaling $32,882. He also claimed a $5,732 depreciation expense deduction (claimed depreciation expense) on Schedule E with respect to use of his home.

## III. Deficiency Determination

Respondent examined the Form 1120S the Company filed and the Form 1040 petitioner filed for 2006. Thereafter, respondent issued petitioner a deficiency notice for 2006. Respondent increased petitioner's flow-through income from the Company based upon various adjustments to the Company's tax items, including the disallowance of the claimed travel expenses. Respondent disallowed the claimed costs of goods sold and the claimed depreciation expense.

**[\*5]** Finally, respondent determined that petitioner was liable for the accuracy-related penalty under section 6662(a) for 2006.

Petitioner timely filed a petition for redetermination.

## OPINION

Petitioner, a CPA and former IRS revenue agent, was involved in various business activities during 2006. We are asked to decide whether petitioner and the Company are entitled to deduct certain expenses and whether petitioner may treat certain expenses as costs of goods sold. We also must decide whether certain payments petitioner received from the Company were rental payments or executive compensation. Finally, we must decide whether petitioner is liable for an accuracy-related penalty. We begin with the burden of proof.

## I. Burden of Proof

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving otherwise. Rule 142(a); see Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof may shift to the Commissioner if the taxpayer proves that he or she has satisfied certain requirements. Sec. 7491(a); see Baker v. Commissioner, 122 T.C. 143, 168 (2004). Petitioner has neither claimed that the burden shifts to respondent nor

**[\*6]** shown that he complied with the requirements of section 7491(a). The burden of proof, therefore, remains on petitioner. See Rule 142(a).

II. Expenses at Issue

A. Travel

We first turn to the claimed travel expenses. Generally, taxpayers may deduct ordinary and necessary business expenses incurred during the taxable year in carrying on a trade or business. Sec. 162(a). The taxpayer must maintain records sufficient to substantiate the amounts of the deductions claimed. Sec. 6001; sec. 1.6001-1(a), Income Tax Regs. If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount, this Court may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). For the Cohan rule to apply, however, a basis must exist on which this Court can make an approximation. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).

With respect to certain business expenses specified in section 274(d), more stringent substantiation requirements apply and the Cohan rule is superseded. See Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969). Deductions for travel expenses, gifts, and meals and

**[\*7]** entertainment, as well as for "listed property", are disallowed unless the taxpayer substantiates them by adequate records or by sufficient evidence corroborating the taxpayer's own statement. Sec. 274(d).[5] The substantiation for travel expenses must show (A) the amount of each travel expense; (B) the time and place of travel and (C) the business purpose for travel. Sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

Petitioner failed to substantiate the claimed travel expenses under section 274(d). The only evidence supporting the claimed travel expenses is petitioner's own self-serving testimony that the expenses were incurred. Petitioner did not substantiate that he met the requirements under section 1.274-5T(b)(2), Temporary Income Tax Regs., supra, by adequate records or sufficient evidence corroborating

---

[5]Substantiation of expenses by adequate records requires that the taxpayer maintain an account book, a diary, a log, a statement of expenses, trip sheets or similar records prepared contemporaneously with the expenditure supplemented by other documentary evidence. Sec. 1.274-5(c)(2)(iii), Income Tax Regs.; sec. 1.274-5T(c)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985). Substantiation by other sufficient evidence requires the production of corroborative evidence in support of a taxpayer's statement specifically detailing how he met the requirements. Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

**[\*8]** his testimony for each of the claimed travel expenses.[6]  Petitioner therefore is not entitled to deduct any of the claimed travel expenses for 2006.

### B.  Depreciation

We now turn to the claimed depreciation expense with respect to use of petitioner's home.  Subject to certain exceptions, section 280A bars a taxpayer from deducting expenses incurred with respect to use of the taxpayer's residence.  See sec. 280A.  We need not consider whether section 280A precludes petitioner from being entitled to deduct the claimed depreciation expense because he failed to establish that he met the basic depreciation requirements under section 167.

A taxpayer is allowed to deduct a reasonable allowance for the exhaustion and wear and tear of property used in a trade or business or held for the production of income.  Sec. 167(a).  Depreciation is computed on the adjusted basis of the property, the applicable depreciation method, the applicable recovery period and the applicable convention.  Secs. 167(c)(1), 168(a); Hosp. Corp. of Am. v. Commissioner, 109 T.C. 21, 45 (1997).  Petitioner has the burden to prove these

---

[6]We note in particular that petitioner did not substantiate for any travel he did as Ms. Porter's travel companion (if any) that he met the requirements under sec. 1.274-5T(b)(2), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

[*9] items.  See Langer v. Commissioner, T.C. Memo. 2008-255, aff'd, 378 Fed. Appx. 598 (8th Cir. 2010).

Here, petitioner failed to prove the adjusted basis of the portion of his home with respect to which he claimed the depreciation expense.  There is no persuasive evidence in the record on the cost of the home (and the portion of that amount attributable to the underlying real property) or the cost of improvements.  Nor is there any persuasive evidence in the record establishing the percentage of petitioner's home that was actually used by the Company to conduct business.  In addition, there is no evidence as to when the home and the improvements were placed in service.  Accordingly, we find that petitioner has failed to meet his burden of proof under section 167 with respect to the claimed depreciation expense.

While we are allowed to estimate the amount of an expense that we find to be deductible when the exact amount cannot be ascertained, for us to do so, petitioner had to supply us with some basis upon which an estimate could be made.  See Vanicek v. Commissioner, 85 T.C. at 742-743.  There is no evidence in the record on the adjusted basis of petitioner's home other than his own self-serving and uncorroborated testimony.  We are not required to accept such testimony and decline to do so.  See Tokarski v. Commissioner, 87 T.C. 74, 77

**[*10]** (1986).  Accordingly, we lack a basis to estimate the claimed depreciation expense attributable to any use of petitioner's home.  We therefore hold that petitioner is not entitled to the claimed depreciation expense.

C.  Costs of Goods Sold

Petitioner contends that he is entitled to reduce the gross receipts from his insurance business by the claimed costs of goods sold.  We disagree.  Cost of goods sold may be subtracted from gross receipts to compute gross income in a taxpayer's manufacturing, merchandising or mining business.  See sec. 1.61-3(a), Income Tax Regs.[7]  We have held that a business must involve the sale of a material product to which direct cost may be allocated to reduce gross receipts by the costs of goods sold in computing gross income.  Guy F. Atkinson Co. v. Commissioner, 82 T.C. 275, 298 (1984), aff'd, 814 F.2d 1388 (9th Cir. 1987); Hahn v. Commissioner, 30 T.C. 195, 198 (1958), aff'd, 271 F.2d 739 (5th Cir. 1959).  More generally, we have held that gross receipts equal gross income where a business is primarily engaged in providing services; i.e., ability, know-how and experience.  Guy F. Atkinson Co. v. Commissioner, 82 T.C. at 298; Hahn v. Commissioner, 30 T.C. at 198.

---

[7]Taxpayers must show their entitlement to the amount of costs of goods sold claimed.  See Rule 142(a).

[*11] Here, petitioner claimed costs of goods sold with respect to his insurance business. The insurance business income was primarily, if not exclusively, derived from the sale of insurance policies. An insurance policy is a contract, not a material product to which direct costs may be allocated. Moreover, we note that selling insurance policies generally involves meeting the particular preferences and purposes of buyers. Such tailoring generally requires ability, know-how and experience. We find that petitioner's insurance business was primarily engaged in rendering services. Accordingly, we hold that the insurance business' gross income equals its gross receipts.[8]

III. Payments at Issue

We now address the characterization of payments totaling $32,882 that petitioner received from the Company in 2006. The parties dispute whether the payments were rental payments or executive compensation. The payments are includible in petitioner's income and deductible by the Company whether they are characterized as rental payments or executive compensation. The main tax

---

[8]Petitioner failed to raise whether the expenses claimed as cost of goods sold may be deducted as business expenses under sec. 162 in his pretrial memorandum, at trial or in his posttrial briefs. We note, however, that petitioner is not entitled to deduct these expenses as business expenses under sec. 162(a). Petitioner failed to establish that he actually paid $10,000 of the expenses claimed as costs of goods sold and failed to establish that the remaining expenses were ordinary and necessary business expenses. See sec. 162(a).

[*12] consequence of characterizing the payments as executive compensation rather than rental payments is that the payments will be subject to Federal employment taxes if they are properly characterized as executive compensation.

Petitioner argues that the payments he received from the Company were rental payments. More specifically, he contends that he rented a portion of his home to the Company and that the relevant payments were for rent the Company owed him. We disagree.

Petitioner did not produce a rental agreement between himself and the Company for 2006. Petitioner did not provide any checks or documentation demonstrating that the Company paid him rent for use of his home. More generally, there is no documentation in the record reflecting that the Company rented a portion of petitioner's home. The only evidence supporting petitioner's claim that the Company rented a portion of his home is his testimony. This Court is not required to accept petitioner's self-serving, unverified and undocumented testimony, and we decline to do so. See Tokarski v. Commissioner, 87 T.C. at 77.

Respondent argues and we agree that the payments were executive compensation. The record does not reflect that the payments at issue were

[*13] anything other than executive compensation.[9]  Accordingly, we hold that the $32,882 the Company paid to petitioner was executive compensation.

IV.  Accuracy-Related Penalty

The final issue we address is respondent's determination that petitioner is liable for an accuracy-related penalty under section 6662(a) on the underpayment for 2006.  Respondent conceded in his reply brief that petitioner is not liable for the accuracy-related penalty on the portion of the underpayment attributable to unreported interest income stemming from petitioner's and respondent's settlement of certain issues regarding a Roth individual retirement account (Roth IRA).[10]  Accordingly, we focus on whether petitioner is liable for the accuracy-related penalty on the remaining portion of the underpayment for 2006 (remaining underpayment).

A taxpayer is liable for an accuracy-related penalty on any part of an underpayment attributable to, among other things, a substantial understatement of

---

[9]We note that petitioner does not dispute in his opening brief or reply brief respondent's contention that the payments should be characterized as executive compensation if we find that they were not rental payments.

[10]Petitioner and respondent entered into a Stipulation of Settled Issues in unrelated cases at Docket Nos. 12211-09 and 30575-09.  The parties settled several issues relating to a Roth IRA.  Based on the Roth IRA settlement, the parties stipulated in this case that petitioner had unreported interest income of $75,970.

[*14] income tax. Sec. 6662(b)(2). There is a substantial understatement of income tax if the amount of the understatement exceeds the greater of either 10% of the tax required to be shown on the return or $5,000. Sec. 6662(a), (b)(2), (d)(1)(A); sec. 1.6662-4(a) and (b), Income Tax Regs.; see Jarman v. Commissioner, T.C. Memo. 2010-285.

The Commissioner has the burden of production with respect to the accuracy-related penalty. Sec. 7491(c); Rule 142(a); see Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). We find that respondent has met his burden of production if Rule 155 computations show petitioner has a substantial understatement of income tax for 2006. See Higbee v. Commissioner, 116 T.C. at 446; Jarman v. Commissioner, T.C. Memo. 2010-285.

A taxpayer is not liable for an accuracy-related penalty, however, if the taxpayer acted with reasonable cause and in good faith with respect to any portion of the underpayment. Sec. 6664(c)(1); sec. 1.6664-4(a), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith depends on the pertinent facts and circumstances, including the taxpayer's efforts to assess his or her proper tax liability; the knowledge, experience and education of the taxpayer, and the reliance on the advice of a professional. Sec. 1.6664-4(b)(1), Income Tax Regs. The taxpayer has the burden of proving the

[*15] reasonable cause and good-faith exception.  Sec. 7491(c); Rule 142(a); see Higbee v. Commissioner, 116 T.C. at 446-447.

Petitioner, a CPA and former IRS revenue agent, prepared the Form 1040 he filed for 2006 and the Form 1120S that the Company filed for the same year. Petitioner exercised a lack of care and reckless disregard for rules and regulations in reporting income and claiming deductions against income on the returns, resulting in the remaining underpayment.  Petitioner failed to offer any persuasive evidence that he acted with reasonable cause and in good faith with respect to any portion of the remaining underpayment.

We find under the relevant facts and circumstances that petitioner did not act with reasonable cause and in good faith with respect to any portion of the remaining underpayment.  Accordingly, we hold that petitioner is liable for the accuracy-related penalty on the remaining underpayment.

We have considered all arguments made in reaching our decision and, to the extent not mentioned, we conclude that they are moot, irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.