106 T.C. No. 14


UNITED STATES TAX COURT


JOHN D. AND KAREN BEATTY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent.


Docket No. 8273-94.                    Filed April 17, 1996.


        P, an Indiana county sheriff, was required by State
statute to provide meals to the prisoners incarcerated in
the county jail.  The costs of providing the meals were
borne by P.  P received a meal allowance from the county on
a per meal basis at a specified rate established by the
State.  P claims that he provided the meals to the county
prisoners as an independent contractor, and reported the
meal allowances received and costs incurred on a Schedule C.
R contends that P provided the meals to the county prisoners
as an employee of the county and must deduct such costs on a
Schedule A as employee business expenses.  <u>Held</u>:  The costs
of the meals constitute costs of goods sold and are taken
into account in the determination of P's gross income.
Consequently, under the circumstances of this case, it makes
no difference for Federal income tax purposes, whether P
provided the meals to the prisoners as an independent
contractor or county employee.


<u>Stephen E. Arthur</u> and <u>Ronald M. Soskin</u>, for petitioners.

<u>Ronald T. Jordan</u>, for respondent.

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial Judge Lewis R. Carluzzo pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Special Trial Judge's opinion, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

CARLUZZO, <u>Special Trial Judge</u>:  Respondent determined a deficiency in petitioners' 1991 Federal income tax in the amount of $3,627.  All of the issues that result from adjustments made in the notice of deficiency have been resolved by the parties. The issues that remain in dispute were raised in two amendments to answer filed by respondent in connection with her claim for an increased deficiency in the amount of $15,062.  The primary issue argued by the parties is whether petitioner John D. Beatty, as the elected sheriff of Howard County, Indiana, provided certain services to the county as an employee of the county or as an independent contractor.  This issue will sometimes be referred to as the classification issue.  The alternative issue, raised by petitioner, is whether the costs of the meals constitute costs of goods sold and are taken into account in determining petitioner's gross income.

---

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. During the year in issue, petitioners were husband and wife and filed a joint Federal income tax return. At the time the petition was filed, petitioners resided in Greentown, Indiana. References to petitioner are to John D. Beatty.

In 1986, petitioner was elected for a 4-year term, to commence in 1987, to the position of county sheriff for Howard County, Indiana. In 1990, petitioner was reelected to a second 4-year term which commenced in 1991. Prior to being elected county sheriff, petitioner had been employed by Howard County in various positions, including deputy sheriff, since 1971.

In addition to other responsibilities, a county sheriff in the State of Indiana is required to take care of the county jail and the prisoners incarcerated there. Ind. Code Ann. section 36-2-13-5(a)(7) (Burns 1989).[2] Included in this statutory obligation is the sheriff's duty to feed the county prisoners, which a county sheriff is required to do at his or her expense. In return for feeding the county prisoners, a county sheriff is entitled to receive a meal allowance from the county at a rate not to exceed a statutory maximum amount per meal. Ind. Code Ann. section 36-8-10-7 (Burns 1989). The specific allowance per

_____

References to Indiana statutes are to the versions in effect for the year in issue.

meal is determined on an annual basis by the State Examiner of the Indiana State Board of Accounts. Id. For the year 1991, this amount was $1.05 per meal.

Beginning in 1987, petitioner assumed responsibility for a prisoner meal program (the program) that had been established by one of his predecessors several years earlier. Petitioner continued to operate the program as it had been operated in the past, making no substantive changes to the administration of the program. The program was managed by a kitchen supervisor/cook who was an employee of, and paid by, Howard County. The kitchen supervisor/cook was responsible for preparing menus, ordering food and supplies from vendors, receiving and inspecting deliveries of food and supplies, cooking meals, serving meals to prisoners, and keeping account of the number of meals served to prisoners.

The number and the nutritional quality of meals served to county prisoners were governed by standards established by the Indiana Department of Corrections. The sanitary quality of the kitchen facilities, food preparation techniques, and the food provided to county prisoners were subject to standards imposed by the Howard County Department of Health. Petitioner's duties in connection with the program included approving menus, paying vendors, and signing the required claim forms necessary to receive payment of the meal allowances.

In order to receive the meal allowances, petitioner, on a monthly basis, provided the county auditor with a statement

listing the names of prisoners incarcerated in the jail and the number of meals served to each prisoner. Once the statements were certified as correct by the county auditor, the governing Board of Commissioners authorized payment to be made to petitioner. Because he was not required to do so, petitioner did not provide the county auditor with substantiation or verification of the actual costs incurred in feeding county prisoners. Pursuant to the Indiana statutory scheme in effect during the year in issue, petitioner was entitled to retain the difference between the meal allowances he received from the county for feeding the county prisoners and the costs he incurred to do so.

In 1991, as county sheriff, petitioner received a $30,566 salary that was appropriately reported as wages on petitioners' 1991 Federal income tax return.[3] In addition to his salary, petitioner also received $109,952 as meal allowances from Howard County for providing meals to the prisoners incarcerated in the county jail.

Petitioner reported the $109,952 as gross receipts on a Schedule C included with petitioners' 1991 Federal income tax return. The Schedule C reflected that petitioner incurred cost of goods sold in the amount of $68,540. It appears from the Schedule C that the entire amount of the cost of goods sold was composed of purchases made during the year, a conclusion that is

There is no dispute that the salary paid to petitioner as county sheriff was paid to him as an employee of Howard County.

also supported by reasonable inferences drawn from petitioner's testimony. After reducing the gross receipts by the cost of goods sold, petitioner computed his gross profit and gross income from the prisoner meal program to be $41,412 and reported that amount on the appropriate lines of the Schedule C. Because no expense deductions were claimed on the Schedule C, $41,412 was also reported as net profit. Petitioners included this $41,412 amount in the amount reported as business income on line 12 of Form 1040 of their 1991 Federal income tax return.

OPINION

In her amendments to answer respondent has taken the position that petitioner improperly reported the meal allowances as income from a trade or business separate and apart from his employment as Howard County sheriff. According to respondent, by providing meals to the county prisoners, petitioner was discharging a duty imposed upon him as a county employee, not as the proprietor of a separate trade or business. Consequently, respondent contends that the $109,952 received by petitioner as meal allowances should be considered additional compensation paid to petitioner as an employee of Howard County, and includable in his income as such. Respondent further contends that any costs incurred by petitioner in connection with the program should be considered employee business expenses, deductible only as miscellaneous itemized deductions on petitioners' Schedule A. Respondent goes on to argue that if the meal allowances are considered additional employee compensation, and the costs

petitioner incurred in connection with the program are deductible as employee business expenses, the provisions of section 67 (2-percent floor on miscellaneous itemized deductions) and section 55 (alternative minimum tax) result in the increased deficiency now claimed by respondent.

Petitioner maintains that he did not receive the meal allowances in return for services provided to Howard County as an employee, but rather as an independent contractor. According to petitioners, the income and costs attributable to the program are properly reportable, and were properly reported, on a Schedule C. As an alternative, petitioners also argue that even if the meal allowances were received by petitioner "in an employee capacity, only the net profit earned * * * constituted gross income."

Although the parties paid some attention to the alternative position advanced by petitioners, almost the entire record and major portions of the briefs relate to the classification issue. In their respective briefs, the parties discussed at length the relevant factors that are usually considered in resolving such issues. Judging from the way that the issues were framed and the arguments presented, it is clear that the parties expect that the classification issue must first be resolved before petitioners correct 1991 Federal income tax liability can be determined.[4]

_____

In her opening brief, respondent framed the classification issue as follows:

Whether petitioner, John D. Beatty, as Sheriff of Howard County, Indiana, was an employee for purposes of I.R.C. sections 62 and 67, thereby subjecting his trade or business expenses for 1991 to the two percent floor for miscellaneous

The parties have proceeded in this case upon the apparent assumption that the costs petitioner incurred in connection with the program constitute, within the meaning of sections 62 and 162(a), either trade or business expenses (if the classification issue were resolved in petitioners' favor), or employee business expenses (if the classification issue were resolved in respondent's favor). After carefully considering their arguments in the context of the record, it would appear that the parties' views of the forest have been blocked by the trees.

Both parties have ignored the simple fact that petitioner did not claim any section 162(a) deductions with respect to the program. Petitioner did report cost of goods sold on the Schedule C. However, the elements included in a computation of a taxpayer's cost of goods sold do not fall within the category of expenses deductible pursuant to section 162(a).[5]

---

itemized deductions or, as contended by petitioner, he was self-employed with respect to the services he performed as Sheriff of Howard County related to the prisoner meal program. If petitioner was self-employed his expenses associated with the prisoner meal program are deductible on Schedule C.

Although petitioners did not expressly recite specific issues in their opening brief, see Rule 151(e)(2), it is clear from a review of their brief that petitioners agree with respondent's statement.

We do not rely exclusively on petitioner's Schedule C to establish the amount of the cost of goods sold incurred by petitioner in connection with the program. As a general rule we regard the treatment of an item on a return as little more than the taxpayer's claim with respect to the item. See Roberts v. Commissioner, 62 T.C. 834, 837 (1974); Seaboard Commercial Corp. v. Commissioner, 28 T.C. 1034, 1051 (1957). In this case the parties have stipulated that petitioner incurred costs in the amount reported as costs of goods sold, and respondent has

This Court has consistently held that the cost of goods sold is not a deduction (within the meaning of section 162(a)), but is subtracted from gross receipts in the determination of a taxpayer's gross income. <u>Max Sobel Wholesale Liquors v. Commissioner</u>, 69 T.C. 477 (1977), affd. 630 F.2d 670 (9th Cir. 1980); <u>Sullenger v. Commissioner</u>, 11 T.C. 1076, 1077 (1948); see sec. 1.61-3(a), Income Tax Regs. With respect to the determination of petitioners' 1991 Federal income tax liability, the critical question is not how petitioner must treat deductions allowable under section 162(a) after the classification issue has been resolved, but rather what petitioner's gross income from the program was in the first instance.[6]

Limiting our inquiry in this manner, the parties' arguments with respect to the classification issue and treatment of the related section 162(a) deductions simply have no application because no such deductions were claimed. Because section 162(a) deductions are not involved, and because the parties agree that the tax imposed by section 1401 (additional tax imposed upon earnings from self-employment) is not applicable, it makes no

---

offered neither evidence nor argument that petitioner has improperly included such costs in the computation of the reported cost of goods sold.

Petitioners touched upon this concept in their alternative argument. However, their position that only the net profit petitioner earned from the program is includable in their gross income, as a general proposition of law, is simply incorrect. Furthermore, their argument was not based upon the proper treatment of cost of goods sold, but rather upon case authority that, for the reasons contained in respondent's reply brief, does not support the argument.

difference in this case whether petitioner reports the income from the program as an independent contractor or as an employee of Howard County.  Consequently, we decline to address the question whether petitioner acted as an employee or independent contractor of Howard County with respect to the program.  Under the circumstances of this case, such a distinction gives rise to no Federal income tax consequences.

As we view the case, the determination of petitioner's 1991 gross income from the program is all that is necessary to resolve the controversy between the parties, and that income is easily determined.  It is $41,412, computed by subtracting cost of goods sold from the gross receipts petitioner received with respect to the program.  That was the amount petitioner was required to report, and did report, on his 1991 Federal income tax return. To reflect the foregoing and the settled issues,

Decision will be entered

under Rule 155.