T.C. Memo. 1997-90


UNITED STATES TAX COURT


DOUGLAS E. KAHLE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 19712-94.                    Filed February 20, 1997.


        P, an individual, owned rental real estate, which
produced passive losses under sec. 469, I.R.C.  P was
also a partner in partnership A, which had nonpassive
losses from a nonrental real estate operation.  <u>Held</u>, P
could not combine the rental operation and nonrental
operation into a single undertaking, and thus could not
deduct passive losses as active losses, because the
resultant undertaking would not pass the common
location/ownership test of sec. 1.469-4T(c)(2),
Temporary Income Tax Regs., 54 Fed. Reg. 20544 (May 12,
1989), and because the de minimis exception of sec.
1.469-4T(d), Temporary Income Tax Regs., 54 Fed. Reg.
20547 (May 12, 1989), is not satisfied.  <u>Held, further</u>,
P was liable for additions to tax under secs. 6653(a)
and 6661(a), I.R.C., and for a penalty under sec.
6662(b), I.R.C.


<u>Douglas E. Kahle</u>, pro se.

<u>Veena Luthra</u>, for respondent.

MEMORANDUM OPINION

TANNENWALD, <u>Judge</u>:  Respondent determined the following additions to tax and penalty for petitioner's Federal income taxes[1]:

| Year | Additions to Tax I.R.C. Secs. | | | Penalty |
| --- | --- | --- | --- | --- |
| | 6651(a)(1)[2] | 6653(a)(1)(A) | 6661 | 6662 |
| 1988 | $9,398.75 | $2,950.20 | $14,751.00 | -- |
| 1989 | 4,978.25 | -- | -- | $4,985.80 |

After concessions, the issue before us is whether petitioner's rental operations may be combined with a nonrental partnership operation, so that petitioner may deduct losses from the rental operation as nonpassive losses.  Based on our decision on this issue, we shall have to decide whether petitioner is liable for additions to tax for delinquent filing, negligence, and substantial understatement, and an accuracy-related penalty for negligence.

---

[1]  There are no deficiencies due, because of net operating loss carrybacks to the years 1988 and 1989 from the taxable year 1990.  However, it is necessary to determine whether deficiencies would otherwise have been due (if not for such carrybacks), in order to determine whether additions to tax are proper.  <u>Auerbach Shoe Co. v. Commissioner</u>, 21 T.C. 191, 196 (1953), affd. 216 F.2d 693 (1st Cir. 1954), and cases cited thereat; see also <u>Wentz v. Commissioner</u>, 105 T.C. 1, 2 (1995).

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

This case was submitted fully stipulated under Rule 122. The stipulation of facts and attached exhibits are incorporated herein by this reference and found accordingly.

Petitioner is an individual residing, at the time the petition in this case was filed, in Virginia Beach, Virginia. The returns for the periods here involved were filed with the Internal Revenue Service at Norfolk, Virginia. Petitioner's individual return for the taxable year 1988 was filed delinquently on July 24, 1991. Petitioner's individual return for the taxable year 1989 was filed delinquently on January 16, 1992.

Petitioner was general partner of the Pilot House Associates II partnership (Associates). Associates built the Pilot House condominium project (Project), and the condominium units were owned by Associates until sold. Associates constituted, for purposes of section 469, a nonpassive activity of petitioner for the taxable years 1988 and 1989. Associates reported the following gross receipts and cost of goods sold for the years at issue.

|  | 1988 | 1989 |
|---|---|---|
| Gross receipts | $469,281 | $297,239 |
| Cost of goods sold | 477,473 | 302,000 |
| Gross income | $(8,192) | $ (4,761) |

Petitioner's shares of Associates' nonpassive losses were as follows:

| Year | Loss |
|------|------|
| 1988 | $18,232 |
| 1989 | 12,231 |

In 1987, Associates sold two units of the Project, Pilot House 206 (unit 206) and Pilot House 405 (unit 405), to petitioner. During 1988 and 1989, petitioner rented out these units. He owned and rented out other units that are not the subject of this dispute. We shall refer to petitioner's rental of units 206 and 405 as the Rental Operation. Petitioner's gross income with respect to the Rental Operation was as follows:

| Unit | 1988 | 1989 |
|------|------|------|
| 206 | $5,166 | -0- |
| 405 | 7,200 | -0- |

Petitioner incurred losses with respect to the Rental Operation as follows:

| Unit | 1988 | 1989 |
|------|------|------|
| 206 | $22,947 | $26,703 |
| 405 | 23,115 | 30,966 |

In 1989, petitioner sold unit 405.


Statutory and Regulatory Framework

The issue before us is whether petitioner's Rental Operation should be classified as a nonpassive activity for purposes of section 469. That section was designed to limit deductions of losses from passive activities. S. Rept. 99-313 (1986), 1986-3 C.B. (Vol. 3) 713, 716-718. To this end, taxpayers generally may

not deduct passive activity losses, except against passive activity income. Sec. 469(a). Rental activities are generally passive. Sec. 469(c)(2). The passive loss rules involve three terms of art: "operations" are the most basic business unit under the regulations; "undertakings" consist of one or more "operations"; "activities" consist of one or more "undertakings". Application of the rules hinges on a determination of whether the taxpayer's "operations" can be combined into "undertakings" and then into "activities" for the purpose of aggregating passive income and passive losses, and active income and active losses. This determination is made according to the rules set out in section 1.469-4T, Temporary Income Tax Regs., 54 Fed. Reg. 20542-20565 (May 12, 1989). This section is made applicable to the tax years at issue by section 1.469-11(a)(2), Income Tax Regs.

The initial determination is whether each operation involved is a separate undertaking. Each undertaking owned by a taxpayer is usually then a separate and distinct activity. Sec. 1.469-4T(a)(4), (b)(1), Temporary Income Tax Regs., 54 Fed. Reg. 20542, 20543. In certain cases, however, a taxpayer may aggregate its separate undertakings into a single activity. Sec. 1.469-4T(f),(k), Temporary Income Tax Regs., 54 Fed. Reg. 20552, 20561.

Operations that constitute a separate source of income are treated as a single undertaking only if the operations are: (1) conducted at the same location, and (2) owned by the same person.

Sec. 1.469-4T(c)(2), Temporary Income Tax Regs., 54 Fed. Reg. 20544. Operations are separate undertakings if one of these two prongs is not met. Sec. 1.469-4T(a)(3)(ii), (c)(2)(i), Temporary Income Tax Regs., 54 Fed. Reg. 20542, 20543. Operations are owned by the same person "if and only if one person (within the meaning of section 7701(a)(1)) is the direct owner of such operations." Sec. 1.469-4T(c)(2)(v), Temporary Income Tax Regs., 54 Fed. Reg. 20544. The term "person" includes an individual, partnership, association, company, or corporation. Sec. 7701(a)(1).

Even if two operations are considered the same undertaking under the foregoing location/ownership test, rental operations and nonrental operations are still considered to be separate undertakings, unless "Less than 20 percent of the gross income of the paragraph (c) undertaking is attributable" to either the rental or nonrental operation (the de minimis exception). Sec. 1.469-4T(d)(1), (2)(ii) and (iii), Temporary Income Tax Regs., 54 Fed. Reg. 20547.

A combination undertaking is then subject to the "predominant character rule". Under section 1.469-4T(d)(1)(iii), Temporary Income Tax Regs., supra, with reference to section 1.469-1T(e)(3), Temporary Income Tax Regs., 53 Fed. Reg. 5702 (Feb. 25, 1988), a combined rental-nonrental undertaking has the character of the rental operation only if the gross income from the combined operation represents amounts paid "principally" for

the rental of property.  That is, the entire undertaking is treated as rental or nonrental depending on the predominant character of the income.

If a rental operation is classified as a separate undertaking, it may be combined, under certain circumstances, only with another rental undertaking into a single activity. Sec. 1.469-4T(k), Temporary Income Tax Regs., 54 Fed. Reg. 20561. There is no possibility under the regulations for a rental undertaking to be combined with a nonrental undertaking into one activity.  Thus, if rental and nonrental operations cannot be combined into one undertaking under the regulations, they cannot be combined at all.

Discussion

Combination of Operations into One Undertaking

Petitioner incurred losses with respect to the Rental Operation.  Rental real estate losses would normally be passive. Sec. 469(c)(2).  Petitioner seeks to deduct those losses as non-passive losses.  This may only be accomplished if the Rental Operation is combined with petitioner's share of the nonpassive Project into one undertaking.  Neither party contends that petitioner's Rental Operation is not a rental real estate operation.  Also, both parties agree that Associates' Project is a nonpassive, nonrental operation.  It is the possible

combination of this rental operation with this nonrental operation upon which the parties do not agree.

The combination of operations into undertakings occurs using the two-pronged test found in section 1.469-4T(c)(2), Temporary Income Tax Regs., supra.  Applying the first prong, it is clear that petitioner's Rental Operation and Associates' Project are conducted at the same location.  Sec. 1.469-4T(c)(2)(i)(A), Temporary Income Tax Regs., 54 Fed. Reg. 20544.

But, the combination fails the second prong of the test because the two operations are not owned by the same person.  Id. Section 1.469-4T(c)(2)(v), Temporary Income Tax Regs., supra, is clear that operations are owned by the same person "if and only if one person (within the meaning of section 7701(a)(1)) is the direct owner of such operations." (Emphasis added.)  Units 206 and 405 are owned by petitioner, a natural person, whereas the Project is owned by the Associates partnership, a separate legal person.  See Wiseman v. Commissioner, T.C. Memo. 1995-203.

Petitioner points to section 1.469-4T(j), Temporary Income Tax Regs., 54 Fed. Reg. 20559, and argues that effective control is the measure of ownership under section 1.469-4T(c)(2), Temporary Income Tax Regs., supra.  Section 1.469-4T(f)(2), Temporary Income Tax Regs., 54 Fed. Reg. 20552, makes common control, as defined in section 1.469-4T(j), Temporary Income Tax Regs., supra, a precondition to the aggregation of trade or business undertakings into a single activity, not the combination

of <u>operations</u> into a single <u>undertaking</u>. Furthermore, by its plain language, this provision does not apply to rental operations.[3] Moreover, the reference to direct ownership in section 1.469-4T(c)(2)(v), Temporary Income Tax Regs., <u>supra</u>, makes it clear that ownership, not control, is the relevant factor in determining combinability under this section.

Thus, because we find that the ownership test of section 1.469-4T(c)(2), Temporary Income Tax Regs., <u>supra</u>, has not been met, we hold that petitioner may not combine the Rental Operation and his share in Associates' nonpassive operations into a single undertaking. See <u>Wiseman v. Commissioner</u>, <u>supra</u>; see also 5 Mertens, Law of Federal Income Taxation, sec. 24C.11 (1990); cf. <u>Moore v. United States</u>, 943 F. Supp. 603, 615-617 (E.D. Va. 1996).

In any event, petitioner cannot succeed herein because he cannot satisfy the de minimis exception of section 1.469-4T(d), Temporary Income Tax Regs., <u>supra</u>.

---

[3] Sec. 1.469-4T(f)(1)(i) and (ii)(A), Temporary Income Tax Regs., 54 Fed. Reg. 20552 (May 12, 1989), provides:

(1) Applicability. (i) In general. This paragraph (f) applies to a taxpayer's interests in trade or business undertakings (within the meaning of paragraph (f)(1)(ii) of this section).
(ii) Trade or business undertaking. For purposes of this paragraph (f), the term "trade or business undertaking" means any undertaking in which a taxpayer has an interest, <u>other than</u> --
(A) <u>A rental undertaking</u> * * * [Emphasis added.]

For both years at issue, the Project had no gross income, because Associates' cost of goods sold exceeded its gross receipts on Project sales. See <u>Beatty v. Commissioner</u>, 106 T.C. 268, 273 (1996); <u>supra</u> pp. 3-4. Because the Project had no gross income, the gross income from the Rental Operations cannot be less than 20 percent of the Project's gross income, and the Rental Operation cannot be combined into the active Project operation.

In 1989, neither operation had any gross income, so the exception cannot be applied. In 1988, when the Rental Operation had gross income of $11,366, the Project operation could be combined, via the de minimis exception and the predominant character rule of section 1.469-1T(e)(3), Temporary Income Tax Regs., <u>supra</u>, into the Rental Operation, a result neither party seeks. Although petitioner attempts to rely upon the de minimis exception, it would work only to his detriment in this case. Cf. <u>Moore v. United States</u>, <u>supra</u> at 617.

### Additions to Tax and Penalties

For the 1988 taxable year, respondent has determined additions to tax for delinquency, negligence, and substantial understatement under sections 6651(a)(1), 6653(a)(1), and 6661. For the 1989 taxable year, respondent has determined an addition to tax for delinquency under 6651(a)(1) and a penalty for negligence under section 6662. Petitioner has the burden of

proof, which is not lessened in a fully stipulated case.  Rule 142(a); <u>Tippin v. Commissioner</u>, 104 T.C. 518, 533 (1995); <u>Borchers v. Commissioner</u>, 95 T.C. 82, 91 (1990), affd. 943 F.2d 22 (8th Cir. 1991).  Petitioner has conceded that the returns for both years at issue were filed delinquently and has offered no other evidence on the issues of additions to tax and penalties, which he did not address in his brief.  Accordingly, we sustain respondent's determinations.

To reflect the foregoing, and concessions of the parties,

<u>Decision will be</u>

<u>entered under Rule 155</u>.