T.C. Memo. 2000-262

UNITED STATES TAX COURT

MICHAEL E. AND LINDA S. MURRAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 1640-98.                    Filed August 17, 2000.

<u>Robert H. Culton II</u>, for petitioners.

<u>Randall B. Pooler</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  This case was submitted to the Court without
trial under Rule 122.  Petitioners petitioned the Court to
redetermine a $1,072,177 deficiency in their 1993 Federal income
tax, a $268,044 addition thereto under section 6651(a)(1), and a
$214,435 accuracy-related penalty under section 6662.  Following

concessions by the parties,[1] we must decide whether petitioners

may deduct a loss purportedly attributable to worthless stock.

We hold they may not.  Section references are to the Internal

Revenue Code in effect for the applicable year.  Rule references

are to the Tax Court Rules of Practice and Procedure.

## Background

All facts were either stipulated or found from the exhibits

which the parties submitted with their stipulations of fact.

Those stipulations of fact and exhibits submitted therewith are

incorporated herein by this reference, and the stipulations of

fact are found accordingly.  Petitioners are husband and wife.

They resided in Longwood, Florida, when we filed their petition.

Petitioners filed with the Commissioner a joint 1993 Federal

income tax return on September 26, 1995.  They claimed on that

return a $455,160 capital loss attributable to $317,424 and

$137,736 of losses reportedly passing through to them from S

corporations named Poinciana Mobile Home Park, Inc. (Poinciana),

---

[1] Petitioners allege in their petition in relevant part that respondent erred in determining:  (1) Michael E. Murray (Mr. Murray) realized a gain on the foreclosure described herein and (2) Linda S. Murray is not an innocent spouse.  We consider petitioners to have conceded the latter allegation because:  (1) They did not list the allegation as an issue when they informed the Court at the calendar call of the issues still in dispute, (2) they have introduced into the record no evidence as to the allegation, and (3) their posttrial briefs include no reference to the allegation.  For the same reason, we also consider petitioners to have conceded the addition to tax and accuracy-related penalty.

and Franklin Funding Company of Florida, Inc. (Franklin), respectively. Petitioners now concede that they may not deduct either loss.

Mr. Murray is Poinciana's sole shareholder. Poinciana owned and operated a mobile home park (the park) until the park was foreclosed in 1993. Petitioners realized a $1,626,868 gain on the foreclosure but did not recognize this gain on their 1993 Federal income tax return. They reported instead the $317,424 loss mentioned above.

## Discussion

We must decide whether petitioners may deduct in 1993 an unreported loss on the claimed worthlessness of Mr. Murray's Poinciana stock. Petitioners assert that the stock became worthless as a result of the park's foreclosure and that Mr. Murray's basis in that stock at the time of worthlessness was $1,626,868; i.e., the same amount as the gain realized on the foreclosure.

Section 165(g) provides that a taxpayer may deduct a loss on stock that becomes worthless during the taxable year. In order to deduct such a loss, however, the taxpayer must prove: (1) The basis of the stock and (2) that the stock became worthless in the year claimed. See Figgie Intl., Inc. v. Commissioner, 807 F.2d 59, 62 (6th Cir. 1986), affg. T.C. Memo. 1985-369; Steadman v. Commissioner, 50 T.C. 369, 377 (1968), affd. 424 F.2d 1 (6th Cir.

1970); <u>Feinstein v. Commissioner</u>, 24 T.C. 656, 657-659 (1955); see also <u>Kitch v. Commissioner</u>, 104 T.C. 1, 5 (1995) (fact that a case is fully stipulated does not lessen the burden of proof), affd. 103 F.3d 104 (10th Cir. 1996). The taxpayer, to establish worthlessness, must prove not only current balance sheet insolvency, but also the absence of any reasonable expectation that the assets of the corporation will exceed its liabilities in the future. See <u>Steadman v. Commissioner</u>, <u>supra</u> at 376-377. Whether stock is worthless is a factual determination, as is the determination of the year in which stock becomes worthless. See <u>Boehm v. Commissioner</u>, 326 U.S. 287, 293 (1945); <u>Finney v. Commissioner</u>, 253 F.2d 639, 642 (9th Cir. 1958), affg. in part and revg. in part T.C. Memo. 1956-247; <u>Austin Co. v. Commissioner</u>, 71 T.C. 955, 969 (1979).

We hold that petitioners have failed to meet their burden of proving that Mr. Murray's Poinciana stock became worthless in 1993. Petitioners rely primarily on their bald assertions on brief to the effect that the stock became worthless at the time of the foreclosure. These assertions do not persuade us that the stock became worthless in 1993. See <u>Aagaard v. Commissioner</u>, 56 T.C. 191, 209 (1971); see also <u>Hoover v. Commissioner</u>, 32 T.C. 618 (1959) (a taxpayer's belief that the cost of stock cannot be recovered is not sufficient to establish that the stock is worthless). Nor are we persuaded by the mere fact that Poinciana

filed a tax return with the Commissioner in September 1995, reporting that on December 31, 1993, it owned no assets, owed no liabilities, and had a retained deficit of $1,000.  Cf. <u>Beatty v. Commissioner</u>, 106 T.C. 268, 273 n.5 (1996), and the cases cited therein.  We hold for respondent.

To reflect concessions,

<u>Decision will be entered under Rule 155</u>.